## JAMES CLARK *et al.* v. NICHOLAS DEKKER.

1. **DISTRICT COURT,** *When Not Bound by Oral Agreements.* The district court is not bound by the oral agreements of counsel not made in open court; and this is especially true where the counsel differ as to what the oral agreements in fact were.

2. **CONTINUANCE** — *Discretion of Court.* The district court has some discretion in refusing, as well as much discretion in granting continuances, and where it does not appear that a party has exercised due diligence in attempting to procure the testimony of his witnesses, the court may, without abusing its discretion or committing error, overrule an application for a continuance made by such party on the ground of the absence of his witnesses.

3. **ACTION** — *Dismissal.* Where a case is regularly called for trial and the plaintiff refuses to proceed with the trial, the court may, without committing error, dismiss the plaintiff's action without prejudice.

*Error from Atchison District Court.*

THE case is stated in the opinion.

*Bird & Woodworth,* for plaintiffs in error.

*Elliston & Heath,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The only questions involved in this case are, whether the court below erred or not in refusing to grant to the plaintiffs a continuance as to the defendant Nicholas Dekker, and in afterward dismissing their action without prejudice as to him. It appears that the action was commenced on October 25, 1887, by the plaintiffs James Clark, Daniel B. Clark, Frank L. Clark, and Cyrus E. Clark, partners as James Clark & Company, against Nicholas Dekker and George W. Dekker, alleged to be partners doing business under the firm-name of George W. Dekker & Co. On November 24, 1887, Nicholas Dekker filed a verified answer denying all the allegations of the plaintiffs' petition, except that the plaintiffs were partners. On January 28, 1888, George W. Dekker filed a verified answer, denying, among

other things, that the defendants were partners; and the case was set for trial, and to be tried on February 13, 1888. On that day, with the consent of the parties, the case was passed to the heel of the jury trial docket. On February 22, 1888, the case was regularly called for trial, and on that day the plaintiffs made two applications for a continuance as against both the defendants, and a third one as against George W. Dekker. The first application was founded upon an alleged oral agreement made about February 1, 1888, between the counsel for both parties, that the case should not be tried at that term. Counsel for the defendants denied making any such agreement, and of course the court below rightfully overruled that application. The plaintiffs' counsel then made another application for continuance, founded upon the absence of material testimony, and this application was supported by the affidavit of such counsel. It does not appear that any subpena for witnesses had ever been issued in the case, nor does it appear that any notice, to take the depositions of any one of the absent witnesses, was ever given until on or after February 15, 1888. The principal witness for the plaintiffs was Daniel B. Clark, who was one of the plaintiffs, and his absence is not sufficiently accounted for. The plaintiffs again, upon this second application for a continuance, relied largely upon the aforesaid alleged oral agreement between their counsel and the defendants' counsel, though they admit that after such alleged agreement, and on February 13, 1888, the case was placed at the heel of the jury trial docket, and that on February 15, 1888, the counsel for the defendants stated in open court that they would insist upon a trial of the case at that term.

We cannot say that the court below erred in refusing this second application for a continuance. No sufficient diligence was shown on the part of the plaintiffs to procure their evidence. After this application was overruled, the case was called for trial; but the plaintiffs objected to a trial as between them and George W. Dekker, for the reason that his answer had not been filed ten days before the commencement

of that term of the court, which fact being admitted by the defendants' counsel, the plaintiffs' objection was sustained, and the trial of the case as between the plaintiffs and George W. Dekker was then continued to the next term of the court. A jury was then impaneled to try the issues presented by the plaintiffs' petition and the separate answer of the defendant Nicholas Dekker, and the plaintiffs were directed to proceed with the trial. But they refused to do so, and the court then dismissed their action as against Nicholas Dekker, without prejudice to a future action. The plaintiffs then moved for a new trial, which motion was overruled; and they then, as plaintiffs in error, brought the case to this court for review, making Nicholas Dekker the defendant in error.

It would perhaps be proper to here state that in this state each member of a partnership is liable for the whole of a partnership debt, and each may be sued separately for the whole of the debt; or if two or more or all the members of a partnership are sued together or jointly, each may answer separately and a separate trial may be had as to each when justice or convenience requires it, and a separate judgment may be rendered as to each; and hence the continuance as to George W. Dekker did not require that the case should also be continued as to Nicholas Dekker. We would also here state that district courts should not consider themselves bound by the oral agreements of counsel not made in open court, and this is especially true where the counsel differ as to what the oral agreements in fact were, as in this case; and we might further say that, when an affidavit is filed, stating that certain things occurred in open court, and the record does not in any other manner show such things, and the court decides the questions presented as though such things had not taken place, and the case is afterward brought to the supreme court, the supreme court must also decide such questions as though such things had not in fact taken place. The district court has some discretion in refusing, as well as much discretion in granting continuances; and we cannot say in the present case that the court below abused its discretion in refusing to grant any con-

tinuance as to Nicholas Dekker; and if it did not, then certainly we cannot say that it erred in dismissing the plaintiffs' action without prejudice as against Nicholas Dekker. The plaintiffs had at that time over $700 worth of property belonging to one or both of the defendants tied up by an attachment, and they ought to have been ready for trial as to both the defendants.

The judgment of the court below will be affirmed.

All the Justices concurring.